FILED
2015 Sep-02 PM 12:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| SONIE CHARLES SUTTLES, )<br>)<br>Movant, )<br>)<br>vs. )<br>) 4:10-cr-229-LSC-TMP-2<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | |

MEMORANDUM OF OPINION AND ORDER

Defendant Sonie Charles Suttles ("Suttles") recently filed with this Court two motions attacking his previous convictions and sentence. (Docs. 83 and 84.) These are not Suttles' first efforts. In fact, Suttles has filed several motions, such as his "Motion to Vacate, Set Aside or Correct Sentence" filed on August 8, 2012 (doc. 79 in the above-referenced case and doc. 1 in civil case number 4:12-cv-8031-LSC) that this Court dismissed on August 23, 2012. (Doc. 82, Doc. 5 in 4:12-cv-8031-LSC). Suttles attempted to appeal that ruling but was denied a Certificate of Appealability by the Circuit Court. (Doc. 10 in 4:12-cv-8031-LSC.) Not deterred, Suttles filed on October 2, 2013, what he styled as a "Motion to Reconsider, Movant 2255 Motion that was Filed in this Court in 2012 Under Rule 60(B)." (Doc. 11 in 4:12-cv-8031-LSC.) That

motion was denied on October 7, 2013, because it was an impermissible successive petition under § 2255(h) that Suttles had not received authorization to file from the Eleventh Circuit Court of Appeals. (Doc. 12 in 4:12-cv-8031-LSC.) Suttles did not seek appellate review of that ruling.

In Suttles' current foray, he asserts one motion he describes as a "Motion for Retroactive Sentence Reduction Pursuant to Title 18 USC § 3582(c)(2) and Amendment 599 to the United States Sentencing Guidelines" (Doc. 83) and another styled as "Motion for Order to Clarify Judgment and Correct Federal Record." (Doc. 84.)

First, with regard to his "Motion for Retroactive Sentence Reduction Pursuant to Title 18 USC § 3582(c)(2) and Amendment 599 to the United States Sentencing Guidelines," Suttles seeks to have the Court reduce his sentence based upon what he describes as an amendment to the United States Sentencing Guidelines. Specifically, Suttles asserts that when a guideline is "subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," a defendant, who was sentenced prior to the amendment, is entitled to have the Court review his sentence to determine if his sentence should be lowered as well. One obvious problem with Suttles' position is that, as he explains in his own motion, Amendment 599, upon which his hope for

relief is based, is dated November 1, 2000. In other words, the amendment predates Suttles' bank robbery by approximately seven years. He pled guilty and was sentenced at least ten years after the amendment.

Even ignoring the obvious faults in Suttles' creative pleading, the sentencing guidelines were appropriately calculated and applied with all amendments then in effect at the time of his sentencing. If such were not the case, Suttles could have objected and then directly appealed. If his attorney was constitutionally ineffective, he could have included that in his first petition pursuant to 28 U.S.C. § 2255. His Motion for Retroactive Sentence Reduction Pursuant to Title 18 USC § 3582(c)(2) and Amendment 599 to the United States Sentencing Guidelines (Doc. 83) is due to be denied.

Next, Suttles has re-branded his assault on his conviction and sentence as a "Motion for Order to Clarify Judgment and Correct Federal Record." Regardless, his motion is actually another successive petition pursuant to § 2255 and thus is also due to be denied.

In the Memorandum of Opinion and Order entered on August 23, 2012, this Court ruled that all of the claims raised in Suttles' original § 2255 petition were barred from consideration by the waiver of collateral relief in his plea agreement and,

even if considered on the merits, were meritless. (Doc. 82.)

As this Court explained to Suttles on October 7, 2013, before he can file a second or successive § 2255 application in the district court, he must move in the appropriate court of appeals for an order authorizing this Court to consider the application. 28 U.S.C. § 2255(h). Suttles did not obtain an order from the United States Court of Appeals for the Eleventh Circuit before filing this motion. Therefore, this Court must first determine if his motion actually presents a claim and thus should be treated as a successive habeas petition. *See id.* "[F]or purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

The *Gonzalez* Court recognized that when a motion contains one or more "claims," such as seeking to add a new ground for relief or attacking the federal court's previous resolution of a claim on the merits, such a pleading is in substance a successive habeas petition and should be treated accordingly. *Id.* at 531. However, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings[,]" it does not constitute a successive habeas petition. *Id.* at 532. "Fraud on the federal habeas court is one example of such defect." *Id.* at 532 n.5.

Applying the rules set forth in *Gonalez*, Suttles's instant motion is in fact a successive § 2255 petition because, he asserts that while he was charged in count two of the indictment with Carrying a Firearm During and in Relation to a Crime of Violence (18 U.S.C. § 924(c)(1)(A)), he was actually convicted and sentenced for Brandishing a Firearm During and in Relation to a Crime of Violence (18 U.S.C. § 924(c)(1)(A)(ii)). Suttles' point is that when he was found to have "brandished" a firearm, as opposed to simply using the firearm, it resulted in a mandatory minimum sentence of seven years as to that count. He complains that because count two of the indictment did not include the allegation that the firearm was brandished or designate sub paragraph (ii) (brandishing), it was improper for him to ultimately be sentenced to the mandatory minimum seven-year sentence that is required when the firearm is brandished. Suttles' claim should have been raised on direct appeal and then if necessary in his first § 2255 petition, but it was not. Accordingly, this Court is precluded from considering the successive § 2255 motion without an authorizing order from the Eleventh Circuit Court of Appeals.

Even if this Court were to consider Suttles' motion it would be due to be denied on the merits. While not using the name of the case, Suttles apparently relies on *Alleyne* and its holding that "any fact that increases the mandatory minimum sentence

for a crime must be admitted by a defendant or be submitted to a jury and found beyond a reasonable doubt." *U.S. v. Payne,* 763 F.3d 1301, 1304 (11th Cir.2014) *interpreting Alleyne v. United States*, 133 S. Ct. 2151, 2162 (2013)). Otherwise, his assertion would be pointless.

The problem with Suttles' argument is that he actually pled guilty to Count Two with the understanding that brandishing of the firearm was an element of that charge as alleged by the Government. During the on-the-record and under oath discussion at the Plea Hearing, this Court asked the government, "was the firearm brandished, is that the allegation?" (Doc. 70 at 25). When the Government responded affirmatively, this Court went on to say, "And that would be one of the elements the Government would have to prove, that you brandished the firearm, okay, at the time of the offense. Do you understand that?" To which Suttles responded, "Yes, sir." (Doc. 70 at 26). The Court then continued, "And since the firearm, the Government's alleged to have been brandished and if that is what you plead guilty to or you are found guilty of that by a trial, your punishment would be not less than seven years, nor more than your lifetime . . . ." (Doc. 70 at 26). Finally, when asked about their satisfaction with the Court's explanation, the Government reiterated, "[w]e aren't saying that he did it, but he aided and abetted his co-defendants in brandishing

that firearm." (Doc. 70 at 27). Ultimately, with this explanation, Suttles pled guilty to Count Two understanding full well that brandishing of the firearm was an element of the charge. He cannot now be heard to claim that he did not admit to it.

For the foregoing reasons, Suttles' "Motion for Retroactive Sentence Reduction Pursuant to Title 18 USC § 3582(c)(2) and Amendment 599 to the United States Sentencing Guidelines" (Doc. 83) as well as his "Motion for Order to Clarify Judgment and Correct Federal Record" (Doc. 84) are both DENIED. To the extent this ruling implicates the necessity to issue or deny a certificate of appealability,[1] one will not be issued.

---

[1] Rule 11(a) of the Rules Governing 2255 Proceedings requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurist would find the district court's assessment of the constitutional claims debatable and wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). This Court finds Petitioner's claims do not satisfy either standard.

Done this 2nd day of September 2015.

_____
L. Scott Coogler
United States District Judge
[160704]